NANCY DONAVEE ROSS STEGALL v. CHARLES SPURGEON STEGALL

No. 7426DC829

(Filed 18 December 1974)

**Appeal and Error § 36— failure properly to serve case on appeal — review of record proper**

Where the case on appeal was not properly served in accordance with G.S. 1-282, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face thereof.

APPEAL by plaintiff from *Griffin, District Judge,* 27 May 1974 Session of MECKLENBURG County, General Court of Justice, District Court Division. Heard in the Court of Appeals 19 November 1974.

On 13 January 1971, plaintiff filed a complaint seeking custody of their four children, child support, alimony pendente lite, permanent alimony, and the sequestration of their residence for her use with the right to sell and invest in a different home. The complaint set out various contentions relating to grounds justifying the relief plaintiff sought. Among these were claims of abandonment, adultery, and indignities rendering her condition intolerable and life burdensome.

In an answer filed 7 January 1972, the defendant denied all pertinent claims and sought custody of the four children.

On 4 August 1972, plaintiff amended her complaint to allege adultery with a particular individual and other indignities. There were numerous show cause orders but the record discloses no action thereon. Over objection, this amendment was allowed by a *nunc pro tunc* order of 16 January 1974.

On 27 September 1972, both parties, represented by counsel, appeared in district court pursuant to a motion filed by the defendant seeking custody of the four children. After hearing and based upon numerous findings of fact, the court entered an order dated 15 November 1972, awarding custody to the defendant. The plaintiff was allowed certain visitation privileges provided they were exercised at a place other than defendant's residence. On 22 November 1972, plaintiff filed notice of appeal, but all exceptions were reserved pending a hearing on the merits, a statement of the exceptions to be presented later.

Pursuant to the same hearing, a consent order was entered on 19 December 1972 awarding plaintiff $500 a month alimony pendente lite, an automobile, and counsel fees of $750.

On 6 March 1973, plaintiff moved to obtain custody of the two younger children and for an increase in her alimony payments. On 9 March 1973, defendant in turn moved to find the plaintiff in contempt of court for failure to comply with previous orders of the court. Show cause orders were entered and the matter was heard by Judge Robinson on 15 March 1973. Pursuant to this hearing, an order was entered 24 May 1973, denying plaintiff custody of the two younger children and continuing the custody of all of the children with the defendant-father. The order further found that the plaintiff-mother was a disruptive influence, and she was ordered to limit telephone conversations to three a week and not in any way to harass, molest, bother, hinder or interfere with the father's custody of the children; and further that plaintiff's motion was frivolous and malicious, but she was not found to be in wilful contempt of the court.

On 18 October 1973, plaintiff moved that the case be placed on the trial docket and that she have a trial by jury. The plaintiff also sought to file a second amendment to her complaint.

On 25 April 1974, Judge Black allowed the plaintiff's motion for a trial by jury and denied her motion to amend the complaint a second time. This order further directed the calendar committee to place the case on the trial calendar for trial without further delay.

On 3 May 1974, the defendant-father filed a motion to the effect that the home he had been renting was to be sold and it would be necessary for him to find another residence for himself and the four children for whom he was providing. He alleged that the plaintiff would not consent to allow him to lease, purchase, convey or mortgage any residence that he might find and that the welfare of the children required him to procure a residence for them. After a show cause order was entered, the matter was heard on 10 May 1974, by Judge Griffin. At the time of the hearing, the plaintiff moved that Judge Griffin disqualify himself from further proceedings in the cause. Judge Griffin refused to disqualify himself and entered an order finding that the defendant had made a diligent effort to find another suitable place to rent but without success; that the defendant had found a residence on Sandy Porter Road which would be a suitable place for the children but that this property could not be acquired and financed since plaintiff would not release her marital rights therein; that it would not be detrimental to the plaintiff and that the best interests and welfare of the minor children required the entry of an order releasing and barring any marital rights of the plaintiff in the particular property on Sandy Porter Road. The order provided that the defendant-father could acquire, hold, own, encumber and dispose of this particular piece of property to the same extent as if he were unmarried.

The case came on for trial at 27 May 1974, Civil Term of the District Court. During the course of the trial, the plaintiff was permitted to amend her complaint on two additional occasions—on 30 May and 31 May.

The jury answered the issues submitted to them to the effect that the defendant had not wilfully abandoned the plaintiff without just cause or excuse; that the defendant had not offered such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome. On the defendant's cross-action, the jury answered the issues to the effect that the plaintiff had not constructively abandoned the defendant wilfully and without just cause and excuse and that

---

Stegall v. Stegall          .

---

the plaintiff had not offered such indignities to the person of the defendant as to render his condition intolerable and life burdensome. Based upon the jury verdict, a judgment was entered to the effect that the plaintiff recover nothing from the defendant, and he was discharged of any and all further liability to the plaintiff. On the cross-action of the defendant, it was adjudicated that the defendant recover nothing from the plaintiff.

To the entry of the judgment, the plaintiff objected and excepted and appealed to this Court.

*Gene H. Kendall for plaintiff appellant.*

*Peter H. Gerns for defendant appellee.*

CAMPBELL, Judge.

The defendant appellee has filed a motion to dismiss the appeal and affirm the judgment of the trial court for that the case on appeal was not properly served in accordance with G.S. 1-282. This position is well taken. See *Thurston v. Salisbury Zoning Board of Adjustment* (North Carolina Court of Appeals, filed December 18, 1974).

As was stated in that case:

"In the absence of a case on appeal served within the time fixed by the statute, or by valid enlargement, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face thereof. . . . "

This matter has been in litigation for over three years, and during that time Judges Gatling, Robinson, Black and Griffin have been called upon to consider various phases of the matter. It was finally submitted to a jury as requested by the plaintiff, with instructions to which no exception was taken. The jury found against the plaintiff. We have reviewed the record proper, and no prejudicial error is disclosed on the face thereof.

No error.

Judges MORRIS and VAUGHN concur.